OPINION
Appellant, Daniel C. Hill, appeals a decision of the Lake County Court of Common Pleas. On June 1, 1995, the grand jury indicted appellant with two counts of gross sexual imposition, in violation of R.C. 2907.05, felonies of the third degree, and five counts of rape, in violation of R.C. 2907.02, felonies of the first degree. On August 31, 1995, appellant entered a written plea of guilty to one count of gross sexual imposition and one count of rape.[1] In a judgment entry dated October 11, 1995, appellant was sentenced to two years on the gross sexual imposition count and six to twenty-five years on the rape count. The terms were to run concurrently, and appellant received one hundred twenty-eight days credit for time already served. On September 3, 1999, a classification hearing was held. In an entry journalized on September 13, 1999, the trial court found by clear and convincing evidence that appellant was a sexual predator pursuant to R.C. 2950.09(C), and ordered him to comply with the reporting requirements set forth in R.C. 2950.03. Appellant timely filed the instant appeal and now assigns the following assignments of error:
 "[1.] A trial court does not have the constitutional authority to label [appellant] as a sexual predator because the proceedings violate [appellant's] right to due process, equal protection, civil liberties and private rights and his rights against cruel and unusual punishment and double jeopardy.
 "[2.] The trial court erred to the prejudice of [appellant] when it determined that [he] was a `sexual predator.'"
 In his first assignment of error, appellant sets forth five different constitutional challenges for our review. With regard to appellant's constitutional arguments, each of them has been considered and rejected by the Supreme Court of Ohio. See State v. Williams (2000), 88 Ohio St.3d 513; State v. Cook
(1998), 83 Ohio St.3d 404.
The first issue appellant raises is that the registration requirements of the sexual predator statute violate Section 1, Article I, of the Ohio Constitution as the legislation has no real and substantial relation to public health, morals or general welfare, and it is unreasonable and arbitrary. This argument is without merit because the Supreme Court of Ohio, in Williams at 527, held that R.C. Chapter 2950 does not violate the rights enumerated in Section 1, Article I of the Ohio Constitution.
The second issue appellant presents under his first assignment is that R.C. Chapter 2950 constitutes a denial of due process and must be held unconstitutional under strict scrutiny because it impairs one's fundamental rights to liberty and privacy. The Supreme Court of Ohio expressly rejected this argument in Williams, where the Court held that Ohio's sexual predator laws do not improperly impinge upon an offender's natural law rights of privacy, the ability to pursue an occupation, the enjoyment of a favorable reputation, or the acquisition of property.Id. at 526-527. The Williams decision also rejected the argument raised by appellant that the sexual predator laws violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.Id. at 529-531.
The third issue appellant raises is that R.C. Chapter 2950 is unconstitutionally vague, thus denying him due process of the law. This argument lacks merit because it was also rejected in Williams, where the Court expressly stated that Chapter 2950 is not impermissibly vague because it provides sufficient guidelines by which a trial court can decide whether the state has established, by clear and convincing evidence, that the defendant is a sexual predator. Id. at 533.
In the fourth issue, appellant maintains that R.C. Chapter 2950 constitutes cruel and unusual punishment. While the Ohio Supreme Court has not specifically addressed this argument, in Cook,83 Ohio St.3d at 417, the Court held that Ohio's sexual predator law was not punitive but, rather, remedial in nature. Hence, this court has stated that the prohibition against cruel and unusual punishment has no application to the sexual offender laws. State v. Nahrstedt (Dec. 29, 2000), Lake App. No. 98-L-236, unreported, 2001 WL 20549, at 1.
The final issue presented under appellant's first assignment is that R.C. Chapter 2950 is unconstitutional because it violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The Supreme Court rejected this argument due to its conclusion that R.C. Chapter 2950 is neither "criminal," nor a statute that inflicts punishment, thus, R.C. Chapter 2950 does not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions.Williams at 528; see, also, Cook, 83 Ohio St.3d 404 . Appellant's first assignment of error is without merit.
In his second assignment of error, appellant advances two issues for our review. In the first issue, he contends that he was deprived of his constitutional right to confront and cross-examine witnesses.
In Cook, 83 Ohio St.3d at 425, the Supreme Court held that a sexual predator determination hearing is akin to a sentencing hearing, and the Rules of Evidence do not strictly apply. Thus, trustworthy hearsay, such as a presentence investigation, may be relied on by the trial court.State v. King (Dec. 29, 2000), Geauga App. No. 99-G-2237, unreported, 2001 WL 20720, at 3. In the instant matter, the trial court reviewed appellant's prison record, the presentence report, and the psychiatric evaluation. It is our determination that the evidence presented falls within a similar category of reliable hearsay in spite of the difficulty cast upon a defendant in such case. See, generally, State v. Cooey
(1989), 46 Ohio St.3d 20.
Although we understand the pronouncement by the Supreme Court of Ohio in Cook, that the rules of evidence do not strictly apply in a sexual predator determination, we are concerned that the spirit of due process may be lacking, particularly when the trial court may rely significantly, if not entirely, on presentence reports and psychological evaluations as it considers the factors enumerated in R.C. 2950.09(B)(2). We envision some situations in which the state would fail to produce independent evidence of a clear and convincing nature to provide the basis for the conclusion that a defendant is a sexual predator, when the trial court, relying primarily on presentence and psychological reports, would nevertheless reach that conclusion. Additionally, it can frequently become an impossible onus on a defendant to counteract such "privileged" material with relevant and competent evidence to the contrary. Nonetheless, appellant's first argument under his second assignment of error is overruled.
In the second issue, appellant argues that the trial court denied him due process when it determined that he was a sexual predator. Specifically, appellant asserts that the trial court erred by providing him with a cursory explanation of the rights and responsibilities outlined in the sexual predator form.
R.C. 2950.03 requires notification of the statutory registration requirements to an offender who has been adjudicated a sexual predator. In the case at bar, after reviewing the transcript from the sexual predator hearing, it is our view that the trial court read the sexual predator form verbatim to appellant. Therefore, it is our determination that there was no denial of due process. Appellant's second assignment of error lacks merit.
For the forgoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
PRESIDING JUDGE DONALD R. FORD, CHRISTLEY, J., NADER, J., concur.
[1] Although the record is not clear, it appears as though the remaining counts against appellant were dismissed.